IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division
Case No.: 9:18-CV-80311-ROSENBERG/REINHART

DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND RESORTS CORPORATION, a Maryland corporation, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, and DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation,

Plaintiffs,

v.

US CONSUMER ATTORNEYS, P.A., a Florida professional corporation; HENRY PORTNER, ESQ., an individual; and ROBERT SUSSMAN, an individual,

      Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MEMORANDUM REGARDING PLAINTIFF'S[SIC] OBJECTIONS TO DEFENDANT'S DISCOVRY DEMANDS**

    Plaintiffs, Diamond Resorts International, Inc.; Diamond Resorts Corporation; Diamond Resorts U.S. Collection Development, LLC; and Diamond Resorts Management, Inc. (collectively "Diamond"), through counsel and pursuant to S.D. Fla. L.R. 7.1 and the Court's Endorsed Order Setting Discovery Hearing for 7/11/2018… (ECF No. 95), hereby responds in opposition to Defendant's Memorandum Regarding Plaintiff's[sic] Objections to Defendant's Discovery Demands (ECF No. 97)(the "Memorandum").

    Defendant US Consumer Attorneys, P.A. ("USCA") has once again failed to comply with this Court's orders and the Local Rules for the Southern District of Florida. The Standing Discovery Order for Magistrate Judge Bruce Reinhart (ECF No. 21) specifically states that "the

movant shall file on the docket a concise discovery memorandum of three pages or less…(2) certifying that the parties have complied with the pre-hearing communication requirement…" Not only did USCA not communicate with Diamond regarding USCA's complaints with Diamond's discovery responses, USCA never even attempted to have such a conversation. USCA also failed to attach copies of the disputed discovery responses, as required by the Standing Discovery Order.[1]  The Court should reject USCA's requests for USCA's serial failures to comply with Court orders and the Local Rules.

USCA's arguments are also absurd and, amazingly, seem to admit to massive violations of bar ethics rules.  Defendant claims Interrogatories 3, 4, 5, and 6 are all necessary to either identify USCA's customers or identify "Plaintiff's wrongful conduct and unclean hands", "abuse by the Plaintiff in this area" which is a "reason Defendant's law firm is called upon to represent clients *with merit*" (emphasis supplied).  *See* Memorandum at p. 2.  USCA claims it "seeks information concerning the wrongful activities by the Plaintiff and as an explanation of why Defendant counsels its clients as it does." *Id.* at p. 3.

USCA's argument is absurd.  USCA has represented thousands of Diamond Customers in the last four years and, on behalf of many of those individuals, has made numerous and substantial allegations of wrongdoing by Diamond.  Now, USCA claims it needs Diamond to provide discovery responses so USCA can identify the Diamond Customers USCA allegedly represented and to prove that Diamond engaged in wrongful conduct.

---

[1] Diamond is not simply complaining about USCA's failures for the sake of complaining; USCA's omissions are substantive.  For example, in its Discovery Memorandum, USCA apparently alleges that Diamond did not respond to Interrogatory 12.  This is incorrect, Diamond provided a substantive answer without objection.  Had USCA attached the subject discovery responses the Court would be aware of this fact and had USCA ever even attempted to communicate with Diamond regarding discovery, Diamond could have addressed Interrogatory 12 with USCA.  Due to USCA's failure to comply with Court orders and Local Rules, neither the Court nor Diamond understand what is allegedly inadequate with Diamond's response to Interrogatory 12.

Essentially, USCA has admitted that it sent Diamond thousands of letters making apparently substantive factual allegations of Diamond misconduct that USCA had absolutely no proof or evidence to support.  This case is not the venue for USCA to attempt to obtain discovery in a Quixotic attempt to prove allegations USCA has made against Diamond for years, to no avail and, apparently, without any evidence to support those claims.

USCA is also seeking irrelevant financial discovery.  The measure of damages in false advertising complaints is disgorgement of a defendant's profits, not losses suffered by the plaintiff.  Thus, it is not Diamond's financial records that are appropriate discovery, it is USCA's.  Moreover, Diamond was previously a publicly traded company and the bulk of the financial information USCA requests is publicly available through the SEC.

This is a case about false and deceptive advertising.  It is not a forum for USCA to attempt to pry into Diamond's business practices and finances, especially on information that USCA has claimed to possess for years.  Diamond's discovery responses are appropriate and USCA's request should be denied.

Dated: July 23, 2018.

        */s/ Daniel J. Barsky*
        **DANIEL J. BARSKY, ESQ.**
        Florida Bar No. 25713
        dbarsky@shutts.com
        jtillman@shutts.com
        **SHUTTS & BOWEN LLP**
        200 South Biscayne Boulevard, Suite 4100
        Miami, Florida 33131
        Telephone: 561-650-8518
        Facsimile: 561-822-5527
        *Attorneys for Plaintiffs*

and

        **ALFRED J. BENNINGTON, JR., ESQ.**
        Florida Bar No. 0404985
        bbennington@shutts.com
        jclaudio@shutts.com
        **GLENNYS ORTEGA RUBIN, ESQ.**
        Florida Bar No. 556361
        grubin@shutts.com
        rsouza@shutts.com
        **SHUTTS & BOWEN LLP**
        300 South Orange Avenue, Suite 1600
        Orlando, Florida 32801
        Telephone:  (407) 835-6755
        Facsimile:  (407) 849-7255
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2018, the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send a notification of filing to all counsel of record.

        __/s/ Daniel J. Barsky__
        Daniel J. Barsky, Esq.