**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO: 9:18-cv-80311-ROSENBERG/REINHART**

DIAMOND RESORTS INTERNATIONAL, INC.,
et al.

       Plaintiffs,

v.

U.S. CONSUMER ATTORNEYS, P.A**.**, et al.

Defendants.

_____/

**DEFENDANTS'ANSWER AND AFFIRMATIVE DEFENSES TO**
**<u>SECOND AMENDED COMPLAINT</u>**

Defendants US CONSUMER ATTORNEYS, P.A., HENRY PORTNER, ESQ., ROBERT

SUSSMAN, PLUTO MARKETING INC. and 1PLANETMEDIA  INC. hereby files their Answer

and Affirmative Defenses to the Second Amended Complaint:

      1.      Defendants deny the allegations of paragraph 1.

      2.      Defendants admit that USCA is a Florida professional corporation and deny the

remainder of the allegations of paragraph 2.

      3.      Defendants admit the allegations of paragraph 3.

      4.      Defendants admit the allegations of paragraph 4.

      5.      Defendants admit that Pluto is a Nevada corporation with its named principal

address and deny the remainder of the allegations of paragraph 5.

      6.      Defendants admit that 1 Planet is a Nevada corporation with its named principal

address and deny the remainder of the allegations of paragraph 6.

      7.      Defendants are without knowledge of the allegations of paragraph 7 and therefore

deny those allegations.

      8.      Defendants are without knowledge of the allegations of paragraph 8 and therefore

deny those allegations.

9.      Defendants are without knowledge of the allegations of paragraph 9 and therefore deny those allegations.

10.     Defendants are without knowledge of the allegations of paragraph 10 and therefore deny those allegations.

11.     Defendants are without knowledge of the allegations of paragraph 11 and therefore deny those allegations.

12.     Defendants are without knowledge of the allegations of paragraph 12 and therefore deny those allegations.

13.     Defendants are without knowledge of the allegations of paragraph 13 and therefore deny those allegations.

14.     Defendants deny the allegations of paragraph 14.

15.     Defendants admit Diamond conduct timeshare sales, is without knowledge of the allegations of paragraph 15 and therefore deny those allegations.

16.     Defendants admit Diamond conduct timeshare sales, is without knowledge of the allegations of paragraph 16 and therefore deny those allegations.

17.     Defendants admit Diamond conduct timeshare sales, is without knowledge of the allegations of paragraph 17 and therefore deny those allegations.

18.     Defendants are without knowledge of the allegations of paragraph 18 and therefore deny those allegations.

19.     Defendants are without knowledge of the allegations of paragraph 19 and therefore deny those allegations.

20.     Defendants are without knowledge of the allegations of paragraph 20 and therefore deny those allegations.

21.     Defendants are without knowledge of the allegations of paragraph 21 and therefore deny those allegations.

22.     Defendants are without knowledge of the allegations of paragraph 22 and

therefore deny those allegations.

23.     Defendants are without knowledge of the allegations of paragraph 23 and therefore deny those allegations.

24.     Defendants are without knowledge of the allegations of paragraph 24 and therefore deny those allegations.

25.     Defendants deny the allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26.

27.     Defendants deny the allegations of paragraph 27.

28.     Defendants deny the allegations of paragraph 28.

29.     Defendants deny the allegations of paragraph 29.

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants deny the allegations of paragraph 31.

32.     Defendants deny the allegations of paragraph 32.

33.     Defendants deny the allegations of paragraph 33.

34.     Defendants deny the allegations of paragraph 34.

35.     Defendants deny the allegations of paragraph 35.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants deny the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.       Defendants deny the allegations of paragraph 46.

47.       Defendants admit that the Florida Vacation Plan and Timesharing Act speaks for itself and deny the remaining allegations of paragraph 47.

48.       Defendants deny the allegations of paragraph 48.

49.       Defendants deny the allegations of paragraph 49.

50.       Defendants deny the allegations of paragraph 50.

51.       Defendants deny the allegations of paragraph 51.

52.       Defendants deny the allegations of paragraph 52.

53.       Defendants deny the allegations of paragraph 53.

54.       Defendants admit that the requests in the Second Amended Complaint speak for themselves but deny liability for same.

55.       Defendants deny the allegations of paragraph 55.

56.       Defendants deny the allegations of paragraph 56.

57.       Defendants deny the allegations of paragraph 57.

58.       Defendants admit that USCA is a law firm but deny the remainder of the allegations in paragraph 58.

59.       Defendants deny the allegations of paragraph 59.

60.       Defendants deny the allegations of paragraph 60.

61.       Defendants deny the allegations of paragraph 61.

62.       Defendants admit that NNA was a business organization but deny the remainder of the allegations in paragraph 62.

63.       Defendants deny the allegations of paragraph 63.

64.       Defendants deny the allegations of paragraph 64.

65.       Defendants admit that Portner is the owner and managing partner if USCA, which is a law firm, but deny the remainder of the allegations in paragraph 65.

66.       Defendants deny the allegations of paragraph 66.

67.     Defendants admit to prior affiliations between Portner and Sussman, as well as Portner's record with the Florida Bar speaking for itself but deny the remainder of the allegations of paragraph 67.

68.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 68.

69.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 69.

70.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants are without knowledge of the allegations of paragraph 73 and therefore deny those allegations.

74.     Defendants are without knowledge of the allegations of paragraph 74 and therefore deny those allegations.

75.     Defendants admit the allegations of paragraph 75.

76.     Defendants are without knowledge of the allegations of paragraph 76 and therefore deny those allegations.

77.     Defendants are without knowledge of the allegations of paragraph 77 and therefore deny those allegations.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants admit that any content in the referenced link speaks for itself and

deny the remainder of the allegations in paragraph 83.

84.     Defendants admit that any content in the referenced link speaks for itself and deny the remainder of the allegations in paragraph 84.

85.     Defendants admit that any content in the referenced link speaks for itself and deny the remainder of the allegations in paragraph 85.

86.     Defendants admit that any content in the referenced links speak for themselves and deny the remainder of the allegations in paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 92.

93.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 93.

94.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants deny the allegations of paragraph 96.

97.     Defendants deny the allegations of paragraph 97.

98.     Defendants admit to USCA utilizing advertising services but deny the remainder of the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.     Defendants deny the allegations of paragraph 102.

103.     Defendants deny the allegations of paragraph 103.

104.     Defendants deny the allegations of paragraph 104.

105.     Defendants deny the allegations of paragraph 105.

106.     Defendants deny the allegations of paragraph 106.

107.     Defendants deny the allegations of paragraph 107.

108.     Defendants are without knowledge of the allegations of paragraph 108 and therefore deny those allegations.

109.     Defendants are without knowledge of the allegations of paragraph 109 and therefore deny those allegations.

110.     Defendants are without knowledge of the allegations of paragraph 110 and therefore deny those allegations.

111.     Defendants are without knowledge of the allegations of paragraph 111 and therefore deny those allegations.

112.     Defendants are without knowledge of the allegations of paragraph 112 and therefore deny those allegations.

113.     Defendants are without knowledge of the allegations of paragraph 113 and therefore deny those allegations.

114.     Defendants are without knowledge of the allegations of paragraph 114 and therefore deny those allegations.

115.     Defendants are without knowledge of the allegations of paragraph 115 and therefore deny those allegations.

116.     Defendants are without knowledge of the allegations of paragraph 116 and therefore deny those allegations.

117.     Defendants are without knowledge of the allegations of paragraph 117 and therefore deny those allegations.

118.     Defendants are without knowledge of the allegations of paragraph 118 and therefore deny those allegations.

119.     Defendants are without knowledge of the allegations of paragraph 119 and therefore deny those allegations.

120.     Defendants are without knowledge of the allegations of paragraph 120and therefore deny those allegations.

121.     Defendants are without knowledge of the allegations of paragraph 121 and therefore deny those allegations.

122.     Defendants are without knowledge of the allegations of paragraph 122 and therefore deny those allegations.

123.     Defendants are without knowledge of the allegations of paragraph 123 and therefore deny those allegations.

124.     Defendants are without knowledge of the allegations of paragraph 124 and therefore deny those allegations.

125.     Defendants are without knowledge of the allegations of paragraph 125 and therefore deny those allegations.

126.     Defendants are without knowledge of the allegations of paragraph 126 and therefore deny those allegations.

127.     Defendants are without knowledge of the allegations of paragraph 127 and therefore deny those allegations.

128.     Defendants are without knowledge of the allegations of paragraph 128 and therefore deny those allegations.

129.     Defendants are without knowledge of the allegations of paragraph 129 and therefore deny those allegations.

130.     Defendants are without knowledge of the allegations of paragraph 130 and therefore deny those allegations.

131.     Defendants are without knowledge of the allegations of paragraph 131 and therefore deny those allegations.

132.     Defendants are without knowledge of the allegations of paragraph 132 and therefore deny those allegations.

133.     Defendants are without knowledge of the allegations of paragraph 133 and therefore deny those allegations.

134.     Defendants deny the allegations of paragraph 134.

135.     Defendants deny the allegations of paragraph 135.

136.     Defendants deny the allegations of paragraph 136.

137.     Defendants deny the allegations of paragraph 137.

138.     Defendants deny the allegations of paragraph 138.

139.     Defendants deny the allegations of paragraph 139.

140.     Defendants deny the allegations of paragraph 140.

141.     Defendants deny the allegations of paragraph 141.

142.     Defendants deny the allegations of paragraph 142.

143.     Defendants deny the allegations of paragraph 143.

144.     Defendants deny the allegations of paragraph 144.

145.     Defendants deny the allegations of paragraph 145.

146.     Defendants deny the allegations of paragraph 146.

147.     Defendants deny the allegations of paragraph 147.

148.     Defendants deny the allegations of paragraph 148.

149.     Defendants deny the allegations of paragraph 149.

150.     Defendants deny the allegations of paragraph 150.

151.     Defendants deny the allegations of paragraph 151.

152.     Defendants deny the allegations of paragraph 152.

153.     Defendants deny the allegations of paragraph 153.

154.     Defendants deny the allegations of paragraph 154.

155.     Defendants deny the allegations of paragraph 155.

156.     Defendants deny the allegations of paragraph 156.

157.     Defendants deny the allegations of paragraph 157.

158.     Defendants are without knowledge of the allegations of paragraph 158 and therefore deny those allegations.

159.     Defendants are without knowledge of the allegations of paragraph 159 and therefore deny those allegations.

160.     Defendants are without knowledge of the allegations of paragraph 160 and therefore deny those allegations.

161.     Defendants are without knowledge of the allegations of paragraph 161 and therefore deny those allegations.

162.     Defendants are without knowledge of the allegations of paragraph 162 and therefore deny those allegations.

163.     Defendants are without knowledge of the allegations of paragraph 163 and therefore deny those allegations.

164.     Defendants are without knowledge of the allegations of paragraph 164 and therefore deny those allegations.

165.     Defendants are without knowledge of the allegations of paragraph 165 and therefore deny those allegations.

166.     Defendants are without knowledge of the allegations of paragraph 166 and therefore deny those allegations.

167.     Defendants are without knowledge of the allegations of paragraph 167 and therefore deny those allegations.

168.     Defendants are without knowledge of the allegations of paragraph 168 and therefore deny those allegations.

169.     Defendants are without knowledge of the allegations of paragraph 169 and therefore deny those allegations.

170.     Defendants deny the allegations of paragraph 170.

171.     Defendants deny the allegations of paragraph 171.

172.     Defendants deny the allegations of paragraph 172.

173.     Defendants deny the allegations of paragraph 173.

174.     Defendants deny the allegations of paragraph 174.

175.     Defendants deny the allegations of paragraph 175.

176.     Defendants deny the allegations of paragraph 176.

177.     Defendants deny the allegations of paragraph 177.

178.     Defendants deny the allegations of paragraph 178.

179.     Defendants deny the allegations of paragraph 179.

180.     Defendants deny the allegations of paragraph 180.

181.     Defendants are without knowledge of the allegations of paragraph 181 and therefore deny those allegations.

182.     Defendants are without knowledge of the allegations of paragraph 182 and therefore deny those allegations.

183.     Defendants are without knowledge of the allegations of paragraph 183 and therefore deny those allegations.

184.     Defendants are without knowledge of the allegations of paragraph 184 and therefore deny those allegations.

185.     Defendants are without knowledge of the allegations of paragraph 185 and therefore deny those allegations.

186.     Defendants are without knowledge of the allegations of paragraph 186 and therefore deny those allegations.

187.     Defendants are without knowledge of the allegations of paragraph 187 and

therefore deny those allegations.

188.     Defendants are without knowledge of the allegations of paragraph 188 and therefore deny those allegations.

189.     Defendants are without knowledge of the allegations of paragraph 189 and therefore deny those allegations.

190.     Defendants are without knowledge of the allegations of paragraph 190 and therefore deny those allegations.

191.     Defendants are without knowledge of the allegations of paragraph 191 and therefore deny those allegations.

192.     Defendants are without knowledge of the allegations of paragraph 192 and therefore deny those allegations.

193.     Defendants are without knowledge of the allegations of paragraph 193 and therefore deny those allegations.

194.     Defendants are without knowledge of the allegations of paragraph 194 and therefore deny those allegations.

195.     Defendants are without knowledge of the allegations of paragraph 195 and therefore deny those allegations.

196.     Defendants are without knowledge of the allegations of paragraph 196 and therefore deny those allegations.

197.     Defendants are without knowledge of the allegations of paragraph 197 and therefore deny those allegations.

198.     Defendants are without knowledge of the allegations of paragraph 198 and therefore deny those allegations.

199.     Defendants are without knowledge of the allegations of paragraph 199 and therefore deny those allegations.

200.     Defendants are without knowledge of the allegations of paragraph 200 and

therefore deny those allegations.

201.     Defendants are without knowledge of the allegations of paragraph 201 and therefore deny those allegations.

202.     Defendants are without knowledge of the allegations of paragraph 202 and therefore deny those allegations.

203.     Defendants deny the allegations of paragraph 203.

204.     Defendants deny the allegations of paragraph 204.

205.     Defendants deny the allegations of paragraph 205.

206.     Defendants deny the allegations of paragraph 206.

207.     Defendants deny the allegations of paragraph 207.

208.     Defendants deny the allegations of paragraph 208.

209.     Defendants deny the allegations of paragraph 209.

210.     Defendants deny the allegations of paragraph 210.

211.     Defendants deny the allegations of paragraph 211.

212.     Defendants deny the allegations of paragraph 212.

213.     Defendants deny the allegations of paragraph 213.

214.     Defendants deny the allegations of paragraph 214.

215.     Defendants deny the allegations of paragraph 215.

216.     Defendants deny the allegations of paragraph 216.

217.     Defendants deny the allegations of paragraph 217.

218.     Defendants deny the allegations of paragraph 218.

219.     Defendants are without knowledge of the allegations of paragraph 219 and therefore deny those allegations.

220.     Defendants are without knowledge of the allegations of paragraph 220 and therefore deny those allegations.

221.     Defendants are without knowledge of the allegations of paragraph 221 and

therefore deny those allegations.

222.     Defendants are without knowledge of the allegations of paragraph 222 and therefore deny those allegations.

223.     Defendants are without knowledge of the allegations of paragraph 223 and therefore deny those allegations.

224.     Defendants are without knowledge of the allegations of paragraph 224 and therefore deny those allegations.

225.     Defendants are without knowledge of the allegations of paragraph 225 and therefore deny those allegations.

226.     Defendants are without knowledge of the allegations of paragraph 226 and therefore deny those allegations.

227.     Defendants are without knowledge of the allegations of paragraph 227 and therefore deny those allegations.

228.     Defendants are without knowledge of the allegations of paragraph 228 and therefore deny those allegations.

229.     Defendants are without knowledge of the allegations of paragraph 229 and therefore deny those allegations.

230.     Defendants are without knowledge of the allegations of paragraph 230 and therefore deny those allegations.

231.     Defendants are without knowledge of the allegations of paragraph 231 and therefore deny those allegations.

232.     Defendants are without knowledge of the allegations of paragraph 232 and therefore deny those allegations.

233.     Defendants are without knowledge of the allegations of paragraph 233 and therefore deny those allegations.

234.     Defendants are without knowledge of the allegations of paragraph 234 and

therefore deny those allegations.

235.     Defendants deny the allegations of paragraph 235.

236.     Defendants deny the allegations of paragraph 236.

237.     Defendants deny the allegations of paragraph 237.

238.     Defendants deny the allegations of paragraph 238.

239.     Defendants deny the allegations of paragraph 239.

240.     Defendants deny the allegations of paragraph 240.

241.     Defendants deny the allegations of paragraph 241.

242.     Defendants deny the allegations of paragraph 242.

243.     Defendants deny the allegations of paragraph 243.

244.     Defendants deny the allegations of paragraph 244.

245.     Defendants deny the allegations of paragraph 245.

246.     Defendants deny the allegations of paragraph 246.

247.     Defendants deny the allegations of paragraph 246.

248.     Defendants deny the allegations of paragraph 248.

249.     Defendants deny the allegations of paragraph 249.

250.     Defendants deny the allegations of paragraph 250.

251.     Defendants deny the allegations of paragraph 251.

252.     Defendants deny the allegations of paragraph 252.

253.     Defendants deny the allegations of paragraph 253.

254.     Defendants deny the allegations of paragraph 254.

255.     Defendants deny the allegations of paragraph 255.

256.     Defendants deny the allegations of paragraph 256.

257.     Defendants deny the allegations of paragraph 257.

258.     Defendants deny the allegations of paragraph 258.

259.     Defendants deny the allegations of paragraph 259.

As and for their affirmative defenses, Defendants allege:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs are not entitled to injunctive relief because any alleged injury is not immediate or irreparable and the Plaintiffs have an adequate remedy at law.

### Third Affirmative Defense

To the extent that Plaintiffs have suffered any damages, which Defendants expressly deny, Plaintiffs have failed to take any steps to mitigate their damages.

### Fourth Affirmative Defense

To the extent that Plaintiffs have suffered any injury to their reputation or goodwill, that injury was caused or contributed to by third parties, including individuals and entities over whom Defendants have no control. These third-parties include, for example, Plaintiffs' own timeshare sales representatives and marketing representatives who coerce and induce and intimidate consumers to purchase timeshares by using high-pressure sales tactics.

### Fifth Affirmative Defense

To the extent that Plaintiffs have suffered any injury to their reputation or goodwill, that injury was caused by Plaintiffs themselves and Plaintiffs' own conduct, including, for example, Plaintiffs' own advertising and marketing. Plaintiffs' timeshare sales representatives and marketing representatives routinely coerce, induce and intimidate unwitting consumers to purchase timeshares by using misleading and high-pressure sales tactics as part of their sales, marketing and advertising plans.

### Sixth Affirmative Defense

The claims alleged in the Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands, including, without limitation, Plaintiffs' unethical and high-pressure

timeshare sales, advertising and marketing practices through which Plaintiffs coerce and induce unwitting consumers to enter into purchase and sale contracts that bind consumers and their heirs to timeshare units that they are unable to freely alienate and to exorbitant maintenance fees that Plaintiffs fail to fully disclose and intentionally withhold from customers.

### Seventh Affirmative Defense

Plaintiffs' claim for tortious interference is barred, in whole or in part, under Florida's litigation immunity privilege. Any and all alleged tortious acts or statements by Defendants were made in the course of, or necessarily preliminary to, any underlying judicial or quasi-judicial proceeding, and in the context of an attorney-client relationship. Therefore, any and all alleged tortious acts or statements by Defendants are immunized.

### Eighth Affirmative Defense

Plaintiffs' claims under the Lanham Act and for unfair competition are barred, in whole or in part, because Defendants' purported use of any of Plaintiffs' purported trademarks are not likely to cause customer confusion, particularly because the parties are not in the same industry.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by Defendants' First Amendment rights.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, under the Noerr-Pennington doctrine. Any and all petitioning activities of these Defendants, including pre-litigation conduct, is immunized under Defendants' First Amendment right to petition.

### Twelfth Affirmative Defense

Defendants' statements at issue were true, were not misleading or deceptive, or constitute non-actionable opinion or puffery.

### Thirteenth Affirmative Defense

Plaintiffs' claim for tortious interference fails to state a cause of action because Defendants were at all times acting within the course and scope of its agency relationship with its clients. Any alleged "interference" by Defendants between these clients and their contracts with Plaintiffs was justified and occurred within the boundaries of the established attorney-client relationship and at the direction and instruction of the clients.

### Fourteenth Affirmative Defense

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the doctrine of estoppel. On July 1, 2016, Plaintiffs and Defendants entered into a confidential settlement agreement that prohibits Plaintiffs from bringing these claims against Defendants.

### Fifteenth Affirmative Defense

Plaintiffs' infringement claims are barred, in whole or in part, because any alleged infringement was innocent.

### Sixteenth Affirmative Defense

Plaintiffs' infringement claims are barred by the doctrine of fair use.

### Seventeenth Affirmative Defense

Without admitting that the Second Amended Complaint states a valid claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred due to release, specifically because Plaintiffs and Defendants entered into a confidential settlement agreement that prohibits Plaintiffs from bringing these claims against Defendants.

### Nineteenth Affirmative Defense

Plaintiffs' claim for civil conspiracy is barred because a corporation cannot conspire with its own agents unless the agent has a personal stake in the activities that are separate and distinct

from the corporation's interest.

### Twentieth Affirmative Defense

In order to maintain an action for tortious interference with contractual rights, a plaintiff must prove that a third party interfered with a contract by influencing, inducing or coercing one of the parties to breach the contract, thereby causing injury to the other party.  Here, the Plaintiffs have not specifically identified a specific party to a contract other than themselves.  Further, the Defendants may not be held liable where it is found that the breach by the party to the contract rather than the persuasion by the Defendants was the proximate cause of the Plaintiff's damage.  Here it seems that any alleged breached contract is the source of Plaintiffs' alleged damages.

### Twenty First Affirmative Defense

The Plaintiffs have not pled a *prina facie* case specifying unfair competition or deception against all Defendants under their purported Lanham Act violations.

### Twenty Second Affirmative Defense

The Plaintiffs have not specifically pled how all Defendants tried to induce others into infringing and of Plaintiffs' alleged trademarks; further, the Plaintiffs have not specifically pled how all Defendants worked in conjunction with one another to infringe Plaintiffs' alleged trademarks.

### Twenty Third Affirmative Defense

The Plaintiffs have not pled a cause of action under the Florida Unfair and Deceptive Trade Practices Act because they have not specified causation of actual breaches of contracts with its end consumers or actual damages to consumers.

### Twenty Fourth Affirmative Defense

The Plaintiffs have not alleged or put forward a single end consumer as a putative class member who has suffered damages because of Defendants.

### Twenty Fifth Affirmative Defense

The Plaintiff has failed to show distinct participation by the individual Defendants in any

improper actions or dealings.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants requests that this Court enter judgement in their favor and against Plaintiffs and award Defendants all of their attorneys' fees and costs available under the Lanham Act, the Florida Unfair and Deceptive Trade Practices Act, and contract among the parties, together with such other relief that this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to the attached service list on this 13th day of December 2018.

**MATTHEW FORNARO, P.A.**
11555 Heron Bay Boulevard
Suite 200
Coral Springs, Florida 33076
Telephone:  (954) 324-3651
Facsimile:   (954) 248-2099

By: /S/ Matthew Fornaro
Matthew Fornaro, Esquire
Florida Bar No.: 650641
Email: mfornaro@fornarolegal.com

**SERVICE LIST**

Alfred J. Bennington, Jr., Esq. Glennys Ortega Rubin, Esq.
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255 bbennington@shutts.com grubin@shutts.com

*Counsel for the Plaintiffs*

Daniel J. Barsky, Esq. Shutts & Bowen, LLP
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile: (561) 822-5527
dbarsky@shutts.com

*Counsel for the Plaintiffs*