IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
Case No. 9:18-cv-80311-ROSENBERG/REINHART

DIAMOND RESORTS U.S. COLLECTION
DEVELOPMENT, LLC, a Delaware limited
liability company; and DIAMOND RESORTS
HAWAII COLLECTION DEVELOPMENT,
LLC, a Delaware limited liability company,

      Plaintiffs,
v.

US CONSUMER ATTORNEYS, P.A., a
Florida professional corporation; HENRY
PORTNER, ESQ., an individual; ROBERT
SUSSMAN, an individual; PLUTO
MARKETING INC., a Nevada corporation;
1PLANET MEDIA INC., a Nevada corporation;
NEWTON GROUP TRANSFERS, LLC,
a Michigan limited liability company;
THE NEWTON GROUP ESA LLC, a Michigan
limited liability company; INTERVAL BROKER
DIRECT, LLC, a Michigan limited liability
company; NEWTON GROUP EXIT, LLC, a
Florida limited liability company, and DC
CAPITAL LAW FIRM, LLP, a Washington D.C.
limited liability partnership,

      Defendants.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Diamond Resorts US Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC (collectively "**Plaintiffs**"), file this Motion and seek leave to file a Renewed Motion for Partial Summary Judgment as to Count II of the Third Amended Complaint ("**Renewed Motion**") against Newton Group Transfers, LLC ("**NGT**"), Newton Group Exit, LLC ("**Newton Exit**"), Interval Brokers Direct, LLC ("**IBD**"), and The Newton Group ESA, LLC ("**Newton ESA**," and together with IBD, Newton Exit, and NGT, the "**Newton Defendants**").

In light of new record evidence—which was not available at the time Plaintiffs filed their initial Motion for Summary Judgment ("**Original Motion**")—Plaintiffs respectfully seek leave to file the Renewed Motion in the form attached hereto as **Exhibit "A,"** along with the renewed Statement of Facts in the form attached hereto as **Exhibit "B**."

## BACKGROUND

On July 31, 2019, Plaintiffs filed the operative, Third Amended Complaint ("**TAC**"). ECF No. 272. Therein, Plaintiffs asserted claims against the Newton Defendants for, *inter alia*, violations of the Lanham Act (Count II). Plaintiffs' Lanham Act claims stem from the Newton Defendants' actions in falsely advertising a "cancellation," "exit," or "transfer" service wherein they can "legally" obtain a release or "exit" for Diamond Owners from the obligations of their timeshare contracts. ECF No. 272, ¶ 29.

On May 11, 2020, Plaintiffs' filed the Original Motion. ECF No. 368.[1] The Original Motion focused on a mailer utilized by the Newton Defendants, which was sent to Diamond Owners stating, "We are attempting to contact you because our records suggest that you are an owner who may be affected by new Timeshare Laws allowing developers to raise maintenance fees with no restriction." ECF No. 369-2 (the "**Mailer**"). In the Original Motion, Plaintiffs asserted that the Mailer was literally false because, under Florida law and Diamond's timeshare contracts, no timeshare developer can raise maintenance fees without restriction.

On July 31, 2020, the Court issued an Order denying the Original Motion. ECF No. 404 (the "**Order**"). As an initial matter, the Court ruled that because the Mailer came from NGT, the evidence in the record did not establish that any of the other Newton Defendants were legally responsible for the content of the Mailer. *Id*. at 4–5. On the merits, the Court determined the Mailer language was not literally false <u>unless,</u> as of the time the Mailer was sent, "there were no new timeshare laws anywhere in the United States that allowed a timeshare developer to increase maintenance fees without restriction." *Id.* at 5. The Court determined "[t]here [was] no such evidence in the record" on this point. *Id.* The Court similarly noted the record was undeveloped as to whether Mr. Street—the exemplar Diamond Owner who received the Mailer—had a timeshare that fell under the terms of the contracts that were in the record at the time. *Id.* at 6.

---

[1] At the time of filing the Original Motion, the Newton Defendants had made limited productions in discovery—producing partial client files for 77 owners and 102 additional documents—and Plaintiffs had taken a single, preliminary deposition of Newton Exit's corporate representative.

Since entry of the Order, significant discovery has taken place, including the Newton Defendant's production of more than 70,000 pages of additional evidence, expert disclosures and depositions, and close to 40 fact depositions. This discovery has allowed Plaintiffs to resolve the evidentiary issues identified by the Court that precluded summary judgment more than a year ago. As such, Plaintiffs request that the Court grant them leave to file the Renewed Motion with the corresponding updated Statement of Facts.

## **LEGAL STANDARD**

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), and "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted," *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see also Dietz*, 136 S. Ct. at 1892-93 ("[A] district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case."); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised *at any time before the entry of a judgment* adjudicating all the claims and all the parties' rights and liabilities") (emphasis added).

Within the Court's inherent authority and discretion is the ability to consider a successive motion for summary judgment. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("[T]he district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist."); *see also Oliver v. Orange Cty.*, 456 F. App'x 815, 818 (11th Cir. 2012) ("[A] court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court"). And "[w]hile, as a rule, parties are not entitled to 'two bites at the apple', there are occasions in which reconsideration should be entertained." *Jenkins v. Dunn*, No. 4:08-CV-00869-VEH, 2017 WL 1927861, at *2 (N.D. Ala. May 10, 2017) (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).  In the context of summary judgment motions, consideration of a renewed motion is appropriate when the subsequent motion is based on new evidence or an expanded evidentiary record. *See e.g.*,

3

*United States v. Horton*, 622 F.2d 144, 148 (5th Cir. 1980)[2] (court properly "reconsidered the motion for summary judgment, because the production of reports, admissions, affidavits, and other record material during the course of the proceedings had clarified and resolved questions of material fact on several of the line item adjustment issues").

## ARGUMENT

**A. Plaintiffs are Entitled to file the Renewed Motion in Light of the Expanded Evidentiary Record.**

Since filing the Original Motion, the production of documents, admissions, deposition testimony, and other record material has clarified and resolved questions of fact and evidentiary gaps identified by the Court in its Order. In light of the expanded evidentiary record, leave to file a Renewed Motion is appropriate.

In *United States v. Horton*, 622 F.2d 144 (5th Cir. 1980), binding in this Circuit, the Fifth Circuit considered whether the district court erred in considering a renewed motion for summary judgment that been twice previously denied. 622 F.2d at 148. The Fifth Circuit held there was no error and that the "the trial judge properly reconsidered the motion for summary judgment, because the production of reports, admissions, affidavits, and other record material during the course of the proceedings had clarified and resolved questions of material fact on several of the . . . issues." *Id.* Other circuits are in accord in holding that reconsideration is appropriate when the record evidence is expanded through discovery. *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 251 (D.C. Cir. 1987) (consideration of subsequent motion for summary judgment is appropriate when it is based on expanded record); *Shearer v. Homestake Mining Co.*, 727 F.2d 707, 709 (8th Cir. 1984) (finding "no error in the district court's reconsideration of the motion for summary judgment" after discovery was completed); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979) (second motion for summary judgment is proper if supported by new material); *Kirby v. P.R. Mallory & Co.*, 489 F.2d 904, 913 (7th Cir. 1973), cert. denied, 417 U.S. 911 (1974) (trial court may consider "a renewed motion for summary judgment, particularly when the renewed motion is based on an expanded record").

---

[2] Prior to October 1, 1981, Fifth Circuit cases are binding precedent in this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

In the fifteen months that have passed since the Court's Order, Plaintiffs have collected additional record evidence—evidence not available at the time of the Original Motion—that make the Renewed Motion ripe for consideration, including:

- Record evidence that the Newton Mailer was created by Newton ESA (and approved by Gordon Newton) for the benefit of Newton Group Transfers, IBD, and Newton Exit;
- Record evidence establishing that Newton Exit continued to use the Mailer, despite its reference to NGT;
- Record evidence establishing that 315 Diamond Owners received the Mailer;
- Record evidence establishing the dates Newton ESA sent the Diamond Owners the Mailer;
- Record evidence establishing the addresses where the 315 Diamond Owners received the Mailer;
- Record evidence regarding the specific Newton entity the 315 Diamond Owners signed contracts with (e.g., Newton Exit, IBD, and/or NGT) and the type of contract signed by the Diamond Owners that previously received the Mailer; and
- Record evidence regarding the absence of any law in any U.S. state governing the ability of developers, associations, and management companies to raise maintenance fees without restriction.

*See* Statement of Facts, attached as **Exhibit "B."** Based on this new record evidence, Plaintiffs have resolved the evidentiary record issues that were identified by the Court in its Order, and submit that allowing the Renewed Motion would be appropriate at this time.

**B. Plaintiffs' Renewed Motion for Partial Summary Judgment Seeks to Streamline Triable Issues**.

Federal Rule of Civil Procedure 56 requires that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Since filing the Original Motion, Plaintiffs have been able to resolve the disputed material facts or lack of record evidence such that consideration of the Renewed Motion would be appropriate. The Court's consideration of the Renewed Motion at this time would streamline the trial on the merits regarding the literal falsity of the Mailer and result in considerable time saved for the Court and jurors as the falsity of the

Mailer is a matter of law that can now be resolved. *United States v. Horton*, 622 F.2d 144 (5th Cir. 1980) (ruling that the district court, in ruling on renewed motion for summary judgment, "correctly perceived and performed its function under the summary judgment procedure, sifting the issues and assessing the proof to determine which issues required a trial and which were ready for judgment."). For this additional reason, Plaintiffs respectfully submit that filing of the Renewed Motions, and the Court's consideration of same, would be appropriate at this time.

## CONCLUSION

For the foregoing reasons, justice requires the Court to allow Diamond Resorts US Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC to renew their Motion for Partial Summary Judgment.

WHEREFORE, Plaintiffs respectfully request that the Court allow Plaintiffs to file the Renewed Motion, attached as **Exhibit A**, and renewed Statement of Facts, attached as **Exhibit B**.

## Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3)(A), Plaintiffs conferred with Defendants regarding the relief sought herein. Defendants objected to the relief sought herein.

DATED: September 23, 2021

*s/ Lindy K. Keown*
Brandon T. Crossland
Florida Bar No. 0021542
Julie Singer Brady
Florida Bar No. 0389315
Lindy K. Keown
Florida Bar No. 117888
Christian H. Tiblier
Florida Bar No. 125886
BAKER & HOSTETLER LLP
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801
Telephone: 407-649-4000
Facsimile: 407-841-0168
Email: bcrossland@bakerlaw.com
jsingerbrady@bakerlaw.com
lkeown@bakerlaw.com
ctiblier@bakerlaw.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2021, I filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Lindy K. Keown*